■ In the Matter of HOTEL CORPORATION OF AMERICA, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination suspending the petitioner's restaurant liquor license for 30 days unanimously annulled on the law, with $20 costs and disbursements to petitioner. The record is without substantial evidence to sustain the finding of the State Liquor Authority that the petitioner has "permitted and suffered" its licensed premises to become ·disorderly and not properly supervised in violation of section 106 of the Alcoholic Beverage Control Law. Petitioner maintains the Child's Restaurant at 263 West 42nd Street. Shortly after midnight on March 15, 1960, a woman came into the restaurant, stopped a moment at the bar to engage "in a brief conversation with" a man at the bar, walked to the rear of the premises where she stopped at a table where three male patrons were seated and one of them lighted a cigarette for her; she then proceeded toward the food counter. Seated at the food counter was a city policeman in plain clothes, who said "Hello" to her as she approached. She asked the officer if she did not know him and he said he did. They then went together to the bar, had a drink which the officer bought, and when they were leaving the premises, walking "Between the bar and the door" the officer testified the woman solicited him for sexual intercourse. These are the only facts in the record upon which the license was suspended. The proof is that the manager was alert, and closely observed the ·woman and her movements, but he was of the opinion that nothing he could observe or hear would authorize him to interfere or to eject the woman from the premises. The momentary conversation with the first man, the getting a light from the others, and the sitting down at the bar with the policeman who greeted her, would not justify the most meticulous restaurant keeper in interfering. There is not the slightest suggestion that the manager knew what was said between the policeman and the woman on the way to the door, or while they sat at the bar, and there is no sound evidence in support of the charge that petitioner "suffered or permitted" the premises to become disorderly by this incident. The charge that petitioner permitted the woman "to meet with" an "unescorted male" (the policeman) "both evidently unknown to each other" is wholly without evidence to support it. If the manager had been standing beside these two people, he could not know with any certainty from the conversation that they were unknown to each other; and this was even less "evident" from some distance away. The police officer, a member of the Chief Inspector's Special Squad, himself testified that "this particular Child's Restaurant" was "exceptionally well run". Concur— Botein, P. J., Breitel, Rabin, Eager and Bergan, JJ.